JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**  　　　　　　　　13 CV 0002 (CBA)(RLM)
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------------X
RASHIEN LITTLE, 　　　　　　　　　　　　　　　　　　　**AMENDED**
　　　　　　　　　　　Plaintiff, 　　　　　　　　　　　　**COMPLAINT**

　　　　　　　　- against - 　　　　　　　　　　　　　　**PLAINTIFF**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DEMANDS A**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**TRIAL BY JURY**

CITY OF NEW YORK, DETECTIVE YEISON NINO, 　　　　　**ECF CASE**
SHIELD 2790, DETECTIVE COURTNEY THORPE, TAX
NO. 937627, LIEUTENANT PATRICK DAVIS, TAX NO.
917878, POLICE OFFICERS JOHN DOE 1 and 2,

　　　　　　　　　　　Defendants.
---------------------------------------------------------------------------------X

**PARTIES, JURISDICTION and VENUE**

　　1.　　Plaintiff, RASHIEN LITTLE, is a 31 year old male, who, at all times relevant to this action, was a resident of Queens, New York.

　　2.　　Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Kings County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

　　3.　　Upon information and belief, Defendant DETECTIVE YEISON NINO, SHIELD 2790, was at all relevant times an officer with the NYPD assigned to the Narcotics Borough Brooklyn North unit.  All actions by NINO complained of herein were taken in the course of his employment and under color of law.  NINO is being sued in

1

both his individual and official capacities.

4. Upon information and belief, Defendant DETECTIVE COURTNEY THORPE, TAX NO. 937627, was at all relevant times an officer with the NYPD assigned to the Narcotics Borough Brooklyn North unit. All actions by COURTNEY complained of herein were taken in the course of his employment and under color of law. COURTNEY is being sued in both his individual and official capacities.

5. Upon information and belief, Defendant LIEUTENANT PATRICK DAVIS, TAX NO. 917878, was at all relevant times an officer with the NYPD assigned to the Narcotics Borough Brooklyn North unit. All actions by DAVIS complained of herein were taken in the course of his employment and under color of law. DAVIS is being sued in both his individual and official capacities.

6. Upon information and belief, Defendants POLICE OFFICERS JOHN DOE 1 and 2 (referred to collectively as "DOE 1 and 2"), a fictitious name of unidentified persons, were at all relevant times officers with the NYPD and assigned to the Narcotics Borough Brooklyn North unit. All actions by DOE 1 and 2 complained of herein were taken in the course of their employment and under color of law. DOE 1 and 2 are being sued in both their individual and official capacities.

7. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

9. A Notice of Claim was timely served upon NYC on May 9, 2012, within ninety days of March 25, 2012, the statutory date of accrual for the claims based upon the excessive use of force and assault.

10. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

11. On March 25, 2012, at approximately 2:45 p.m., Plaintiff was walking towards a grocery store in the vicinity of 341 Myrtle Avenue in Brooklyn.

12. At that time an unmarked car pulled-up and an individual in plain clothes jumped from the car with a gun in his hand and ran towards Plaintiff.

13. Plaintiff, not knowing who that person was, began to run away.

14. Shortly after he started running, Plaintiff was grabbed from behind and thrown to the ground by one of the named defendants or by one of the DOE defendants.

15. After being thrown to the ground, Plaintiff was placed in handcuffs. It was at this point that Plaintiff first realized that the person who grabbed him was a police officer.

16. While being cuffed, and after he was cuffed, Plaintiff was savagely punched and kicked about the head, face and back by one or more of Defendants NINO, THORPE, DAVIS and the DOE defendants.

17. In addition, while cuffed, NINO, THORPE, DAVIS or one of the DOE defendants applied excessive pressure to Plaintiff's back causing his chest to be compressed against the ground, resulting in a loss of oxygen and a short period during which he blacked out.

18. Plaintiff was so viciously beaten that he was transported directly from the scene to Woodhull Medical and Mental Health Center for diagnostic films and medical

treatment.

19.    Plaintiff received six stitches to the left upper eyelid.  In addition, he sustained abrasions and lacerations on the left eyelid, face, and forehead.  Plaintiff was prescribed Cephalexin, a strong antibiotic, to prevent infection and prescription strength Motrin for pain.

20.    As a result of the beating, Plaintiff's eyes were swollen shut for two days and he was unable to chew food for at least three days.  The inability to chew without pain or to fully open his eyes lasted for at least a week.

21.    As a result of the beating, Plaintiff suffered from and continues to suffer from: severe headaches; sensitivity to light; pain; discomfort; night sweats; insomnia and impotence.  Plaintiff suffered from and continues to suffer from anxiety and depression for which he received professional treatment.

22.    In connection with the arrest, all charges were dismissed on December 6, 2012.

## FIRST CLAIM
(§1983 - EXCESSIVE FORCE)

23.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 22 of the Amended Complaint as if incorporated and reiterated herein.

24.    Defendants NINO, THORPE, DAVIS and DOE 1 and 2, by using excessive force in placing Plaintiff under arrest, violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from the use of excessive force under color of law.

25. By reason thereof, Defendants NINO, THORPE, DAVIS and DOE 1 and 2 violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(COMMON LAW - EXCESSIVE FORCE)

26. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 25 of the Amended Complaint as if incorporated and reiterated herein.

27. Defendants NINO, THORPE, DAVIS and DOE 1 and 2 used excessive force against Plaintiff in the performance of their police duties.

28. By reason thereof, Defendant NINO, THORPE, DAVIS and DOE 1 and 2 caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

29. By reason thereof, and because NINO, THORPE, DAVIS and DOE 1 and 2 acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## THIRD CLAIM
(COMMON LAW - ASSAULT)

30. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Amended Complaint as if incorporated and reiterated herein.

31. Defendants NINO, THORPE, DAVIS and DOE 1 and 2 committed an intentional and violent assault against Plaintiff without legal cause or justification.

32.     By reason thereof, NINO, THORPE, DAVIS and DOE 1 and 2 caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

33.     By reason thereof, and because NINO, THORPE, DAVIS and DOE 1 and 2 acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### FOURTH CLAIM
(§1983 - ASSAULT)

34.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the Amended Complaint as if incorporated and reiterated herein.

35.     Defendants NINO, THORPE, DAVIS and DOE 1 and 2, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

36.     By reason thereof, Defendants NINO, THORPE, DAVIS and DOE 1 and 2 violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

### FIFTH CLAIM
(COMMON LAW - INTENTION INFLICTION OF EMOTIONAL DISTRESS)

37.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36 of the Amended Complaint as if incorporated and reiterated herein.

38.     By the actions described above, Defendants NINO, THORPE, DAVIS and

DOE 1 and 2 engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe physical injury and emotional distress to Plaintiff.

39. The acts and conduct of Defendants NINO, THORPE, DAVIS and DOE 1 and 2 were the direct and proximate cause of physical injury and damage to Plaintiff.

40. By reason thereof, Defendants NINO, THORPE, DAVIS and DOE 1 and 2 intentionally caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

41. By reason thereof, and because Defendants NINO, THORPE, DAVIS and DOE 1 and 2 acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## SIXTH CLAIM
(MONELL CLAIM)

42. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 41 of the Amended Complaint as if incorporated and reiterated herein.

43. NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff herein.

44.     NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiff.

45.     The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiff from sustaining the injuries that he suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

46.     By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)   On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)  On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)  On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)   On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)  On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii)  Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vii)  Such other relief as the Court deems just and proper.

Dated:  New York, New York
July 10, 2013

                          Goldberg & Allen, LLP
                          Attorneys for Plaintiff

By:   /s/ Jay K. Goldberg
                          Jay K. Goldberg [JG-1294]
                          49 West 37th Street, 7th Floor
                          New York, New York 10018
                          (212) 766-3366